<u>AFFIDAVIT AND THE
PETITIONER'S SUPPORTING FACTS TO HIS
PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PRETRIAL PERSON IN STATE CUSTODY</u>

(1) I, Leon Robinson, the Petitioner in this matter, do depose and state that the following is accurate and true:

(2) I am being held at: Souza Baranowski Correctional Center, as a Pretrial Detainee, liew of bail, pursuant to a mittimus - to Common jail in the County of Suffolk, Criminal Docket No#SUCR2001-10384 for the alleged crime of murder, which he is presumed Innocent until proven guilty by a jury.

(3) On February 22, 2001, the Petitioner/Defendant, was denied his Due Process Rights to a Speedy Trial, as he had respectfully Objected to any further continuances and further "delays" by the Commonwealth. The Petitioner requested that District Court Judge Dismiss the charges on the grounds that the Commonwealth fail to have any evidence that the Petitioner/Defendant had anything to do with the alleged shooting, and murder.

(4) The Petitioner had obected to the dalays by the Commonwealth, and request that defense counsel file a Complaint against the A.D.A, Mark Tan Lee, for Commonwealth, for "Prosecutorial Misconduct" and "Prosecutorial Vindictiveness" ... The Petitioner stated that a Criminal prosecution which would not have been initiaed but for Vindictiveness is Constitutionally prohibited. Counsel for the Defendant/Petitioner Leon Robinson, had never compelled the A.D.A., for the Commonwealth for all Discovery, & Exculpatory evidence, in this case. The delays was not favorable to the defendant/petitioner.

(1)

It is also noted that the petitioner/defendant had respectfully requested his Counsel to file Motion(S) for his defense and never did file anything as to the "Delays" or to save the defendant's Rights on Appeal issue as he had requested him to do so.
By the A.D.A., for the Commonwealth Suppression of favorable evidence violates due process.

(5) On the 23rd. of September 2002, the defendant/petitioner, respectfully filed his MOTION FOR A SPEEDY TRIAL, as noted on the Docket as Paper No# 35. The Commonwealth has failed to bring this matter to trial by the time allowed by the Court. The Commonwealth is in violation of **Mass.R.Crim.P. 36(a)(1)(2)(B)(b)(1)(2)(c)(d)(2), and (e) of this rule,** and the Defendant's U.S. Const. Amends. 5th, 6th, V, VI, VIII, XIV; Mass. Decl. Rights, Article XII.

(6) On the 24th. of February 2003, the defendant/petitioner, filed again his Noice of OBJECTION, and respectfully requested "NO" further Contenuance in this case, this request was file with a Supporting Affidavit. See. Paper No# 65, on docket sheet.
The petitioner further states that he had requested the A.D.A, Mark Tan. Lee, for the Commonwealth to notified the court/Clerk of his Rights to a Speedy Trial, and to count the timing on months and years that with case had not been mark for trial date.

(7) On the 8th. of December 2003, the defendant/petitioner, Again, Objected to the "DELAYS" by the Commonwealth, and requested the Session Judge to not allow the Commonwealth more time to delay the matter for a trial date. Justice, Ball, of Suffolk Superior Court, "NOTED" Mr. Robinson's Objection for the record, and allowed the Commonwealth the time he requested and contenued it 12/22/03.

(8) On the 17th. of February 2004, the Defendant/Petitioner, "Again" PRO SE filed a Notice of Objection to Continuances, See. Paper No# 108, on docket sheet. This notice was also followed by a request to preserve the defendant's Rights, and his Objections to what was denied by the Court. See also Paper No# 109 on docket.

## IT WAS THE DEFENDANT/PETITIONER'S RIGHTS TO A "SPEEDY TRIAL" PURSUANT TO THE FIFTH, SIXTH AND FOURTHEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE XII OF THE MASSACHUSETTS DECLARATION OF RIGHTS.

(9) The Commonwealth has fail under the State, and Federal, Speedy Trial Act, to bring the defendant/PETITIONER to trial as by the time allow'ed by the Court. There were Four (4) Court Orders that was made, and the Commonwealth did not produce as order.

(10) On the 24th. of October 2002, the Suffolk DA's Office produced "Turret Tapes" in the instant case after Judge McEvoy ordered their production. Defendant/Petitioner had previously requested these turret tapes and the government agreed to produce them by **September 24, 2001.**

(11) The turret tape revealed **NEW** information previously not disclosed to the fefense. **Specifically,** it revealed that another Witness existed who witnessed the shooting. This witness gave a a Full Description which did not match Mr. Robinson's appearance or the descriptions given by other eye witnesses. This **new** witness stated that the shooter was **15 to 17** years old and was wearing a blue jacket and a hat. This witness has since been interviewed and has ruled Mr. Robinson out as the shooter.

(3)

(12) The Suffolk Superior Court held a hearing on whether sanctions should issue as a result of the **Late** desclosures of the turret tape. This Court held that the DA's Office did not have a **Legitimate** reason for the late production, but declined to issue sanctions at that time. **Instead,** The Suffolk Superior Court Judge, issue a ruling which required the DA's Office to produce additional discovery related to the late disclosure of the turret tape. The judge also filed Motion that the DA's Office **withheld Exulpatory Evidence for over Two (2) Years.** See Motion(s) and Order relative to Discovery on docket by Four Judges...

### PURSUANT TO STANDING ORDER 4-81. PENDING CRIMINAL CASES SUBJECT TO DISMISSAL PURSUANT TO THE PROVISIONS OF MASS.R.CRIM.P.36   ("AMENDED")

The Petitioner further state that the Prosecuting jurisdiction's failure to bring Pretrial Detainee to trial within 180 days after he had requested for a Speedy Trial under Interstate Agreement on Detainers Act, and Federal, and State Law Act required dismissal of indictment/all charges. The Sixth Amendment has been made applicable to States though Fourteenth Amendment, and the Commonwealth had clearly Violated the Constitutional Rights of the Petitioner Mr. Leon Robinson, and respectfully moves this Honorable Court to allow his Petition and order a hearing on these issues of delays by the Commonwealth, and to Dismiss the indictments in this instant case.

(4)

The Defendant/Petitioner's State Rights, and Federal Rights had been violated by the Commonwealth, and by the delay of trial, the petitioner will not receive a fair trial. This is the petitioners claim for his release as it is already noted that the Commonwealth is in violation on Brady v. Maryland, and U.S. Const. Amends. 4th, 5th, 6th, 8th, and 14th Mass. Declar. Right, Article XII.

**Wherefore,** Petitioner moves this Court to grant his Petition and to Dismiss the Indictments against him, or allow a hearing on these matters for the foregoing reasons.

Signed under pain and penalties of perjury,

Respectfully Submitted,
BY THE DEFENDANT/PETITIONER,

LEON ROBINSON, A-22594, PRO SE
SOUZA BARANOWSKI CORRECTIONAL CT.
P.O. BOX 8000
SHIRLY, MASSACHUSETTS 01464

I, Leon Robinson, hereby certify that on this **14th**, day of October 2004, have served a true copy of this Petition, and attach Affidavit/w/Statments of Facts by first class prepaid postege to U.S. District Court Office of the Clerk, John J. Moaklry Courthouse 1 Courthouse Way. Massachusetts 02210, and to the Massachusetts District Attorney's Office.

LEON ROBINSON, PETITIONER, A-22594

LR:w
CC: Mass, District Attorney, Office
Defense Attorney, James H. Budreau, Esq.
**File**

(5)

(3)

## AFFIDAVIT OF LEON ROBINSON

I, Leon Robinson, do depose and state that the following is accurate and true:

A. I am the defendant in this matter, and i am being held at Old Colony Correctional Center as a pretrial detainee, liew of bail, pursuant to a mittimus - to Common Jail in the County of Suffolk, Criminal Docket No# SUCR2001-10384 for the alleged crime of murder, which he is presumed Innocent until proven guilty by a jury.

B. On the 23, of September 2002, the defendant respectfully filed a Motion for a Speedy Trial, as noted as Paper No# 35 on docket, as of todate, the Commonwealth has faild to bring this matter to trial by the time that the Court allowed. See. Violations of Mass.R.Crim.P. 36 of this rule.

C. On the 24th. of February 2003, the defendant Leon Robinson, filed his Notice of Objection, and respectfully requested "NO" further contenuance in this case, with supporting affidavit, See. Paper No# 65 on docket. The defendant also requested the ADA, to notified the Court of his Rights to a Speedy Trial, to no avail.

D. On the 8th. of December 2003, the defendant again Objected to the "delays" by the Commonwealth, and requested the Session Judge to not to allow the commonwealth more time to delay the matters at hand. Justice, Ball, noted Mr. Robinson's objection, and allowed the commonwealth the time, and contenued the matter 12/22/03.

E. On the 17th. of February 2004, the defendant "AGAIN" file his Notice of Objection to Continuances, Paper 108 on docket. This notice was also followed by a request to Preserve the defendant's Rights, and his Objections to what was denied by the court. See. Paper No# 109 on docket.

F. On the 5th. of April 2004, the defendant filed notice to the court, Objection to DNA Swabbing done on March 26, 2004. At the request of the ADA, Mark Tan Lee, the matter was contenued to April 29, 2004. As of todate, the Commonwealth has delyed this matter, and is in Violation of Mass.R.Crim.P. See. Due Process Clause. Rule 36, a right to a speedy trial.

Signed under pains and penalties of perjury,

_____
LEON ROBINSON/ A-22594

DATE: OCTOBER, 2004
LR:w